**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA**,<br><br>                         Plaintiff,<br><br>      v.<br><br>**CREDIT BUREAU COLLECTION SERVICES**,<br>  an Ohio corporation, also d/b/a<br>  **CBCS and CBCS NATIONAL,**<br><br>**LARRY EBERT**, individually<br>  and as an officer of the corporation, and<br><br>**BRIAN STRIKER**, individually<br>  and as an officer of the corporation,<br><br>                        Defendants. | CASE NO. 2:10-cv-169 |

**PLAINTIFF'S COMPLAINT
FOR CIVIL PENALTIES, INJUNCTIVE AND OTHER RELIEF**

Plaintiff, the United States of America, acting upon notification and authorization to the Attorney General by the Federal Trade Commission ("Commission"), by its undersigned attorneys, for its Complaint, alleges as follows:

**JURISDICTION AND VENUE**

1. This is an action arising under Sections 5(a), 5(m)(1)(A), 13(b), and 16(a) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 45(a), 45(m)(1)(A), 53(b), and 56(a); the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681x; and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p, to obtain monetary civil penalties, a permanent injunction, restitution, disgorgement, and other equitable relief for Defendants' violations of the FCRA, the FDCPA, and Section 5 of the FTC Act.

2. This Court has jurisdiction over this matter under 28 U.S.C. §§ 1331, 1337(a), 1345, and 1355, and under 15 U.S.C. §§ 45(a)(1), 45(m)(1)(A), 53(b), 57b, 1681s, and 1692l.

3. Venue is proper in the United States District Court for the Southern District of Ohio under 28 U.S.C. §§ 1391(b)-(c), 1395(a), and 15 U.S.C. § 53(b).

**PLAINTIFF**

4. This action is brought by the **United States of America** on behalf of the **Federal Trade Commission**. The Commission is an independent agency of the United States government given statutory authority and responsibility by the FTC Act, *as amended*, 15 U.S.C. §§ 41-58. The Commission is charged, *inter alia*, with enforcing Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), which prohibits unfair or deceptive acts or practices in or affecting commerce; the FCRA, 15 U.S.C. §§ 1681-1681x, which imposes duties upon consumer reporting agencies and those who furnish information to a consumer reporting agency ("CRA") or use information obtained from a CRA; and the FDCPA, 15 U.S.C. §§ 1692-1692p, which imposes duties upon debt collectors.

**DEFENDANTS**

5. **Defendant Credit Bureau Collection Services, Inc.**, also doing business as CBCS and CBCS National ("CBCS") is a for-profit corporation organized, existing and doing business under the laws of the State of Ohio. Its principal place of business is 236 E. Town Street, Columbus, Ohio 43215. At all times relevant to this Complaint, Defendant CBCS has transacted business in this District.

6. **Defendant Larry Ebert** ("Ebert") is an officer of CBCS, serving as the President of CBCS. Defendant Ebert plays an active role in the management of CBCS. Defendant Ebert, in his capacity as the President of CBCS, formulated, directed, controlled, had the authority to control, or participated in the debt collection acts and practices of CBCS, including the acts and practices

alleged in this Complaint. At all times relevant to this Complaint, Defendant Ebert has resided in or transacted business in this District.

7. **Defendant Brian Striker** ("Striker") is an officer of CBCS, serving as the Director and/or Vice President of Collections. Defendant Striker plays an active role in the management and/or supervision of CBCS's National Office's debt collection activities. Defendant Striker, in his capacity as the Director of Collections and/or Vice President of Collections, formulated, directed, controlled, had the authority to control, or participated in the debt collection acts and practices of CBCS, including the acts and practices alleged in this Complaint. At all times relevant to this Complaint, Defendant Striker has resided in or transacted business in this District.

8. Defendant CBCS, Defendant Ebert, and Defendant Striker ("Defendants") are "debt collectors," as defined in Section 803(6) of the FDCPA, 15 U.S.C. § 1692a(6). As part of its debt collection activities, Defendant CBCS furnishes information to CRAs. As such, Defendant CBCS is a person subject to Section 623 of the FCRA, 15 U.S.C. § 1681s-2, which imposes a series of duties and prohibitions upon any person or entity that furnishes information to a CRA.

9. The term "consumer" as used in this Complaint, means any natural person obligated or allegedly obligated to pay any debt, as "debt" is defined in Section 803(5) of the FDCPA, 15 U.S.C. § 1692a(5).

**COMMERCE**

10. At all times material to this Complaint, Defendants have maintained a substantial course of trade in the collection of debts, in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

## COURSE OF CONDUCT

11. CBCS provides collection services to regional and national credit grantors, attempting to recover both commercial and consumer debts, a substantial number of which have previously been placed in collection.

12. CBCS regularly attempts to collect debts by contacting the consumer by telephone.

13. CBCS is a person who regularly and in the ordinary course of business furnishes information to one or more CRAs about its transactions or experiences with its consumers.

14. CBCS routinely receives complaints from consumers who claim they do not owe the debt CBCS attempts to collect, either because CBCS has contacted the wrong person or the debt has been satisfied previously.

15. In numerous instances, consumers notify CBCS at the address specified for such disputes that CBCS is reporting inaccurate information concerning the consumers' credit to the CRAs. These consumers typically also show mistaken identity or proof of payment as proof that the information reported by CBCS is inaccurate. CBCS has continued to report inaccurate information to the CRAs even after receiving such notice and accompanying proof.

16. In numerous instances, consumers dispute the information appearing on the consumers' credit reports in writing to the CRA reporting the information. Defendant CBCS receives most notices of disputes from a CRA in electronic format, through automated consumer dispute verification ("ACDV") forms.

17. Pursuant to Section 623(b)(1) of the FCRA, CBCS, as a furnisher of information to the CRAs, is required to conduct an investigation of the disputed information upon receipt of a notice of dispute from a CRA.

18. For certain types of disputes, such as those where the consumer claims the account is not his or hers or belongs to someone with a similar name, it is CBCS's policy and practice only to

compare the name, social security number, date of birth, and address in CBCS's computer database with the information provided on ACDV forms. Where three of the four items match, CBCS will report to the CRA that it has verified the information it furnished as accurate. It is CBCS's policy that only after the consumer has alleged the same type of account inaccuracy more than four times will the matter become assigned to a supervisor to do further "investigation." Because CBCS collects accounts that are often old, information in its computer files may not be accurate for a variety of reasons, including incorrect updating of addresses, errors in recording names and information, and problems with the original creditor's records.

19. In disputes involving identity theft or fraud allegations, CBCS's policies provide that if the existing account codes and notes in its records do not contain any reference to a prior claim of fraud, CBCS will verify the previously reported information without conducting any investigation prior to such verification.

20. In numerous instances, despite written notification from consumers disputing the accuracy or completeness of alleged debts, and proof from the consumer demonstrating that the consumer does not owe the debt, CBCS has continued to characterize the debt as owed by the consumer in its collection efforts.

21. In numerous instances, despite written or oral notification from consumers disputing the accuracy or completeness of alleged debts, Defendant CBCS continued to furnish the information to the CRAs without communicating that the information was disputed by the consumer.

22. Defendant Ebert and Defendant Striker each had the authority to control and direct the debt collection activities of CBCS, or has participated in the misrepresentations and other misconduct of CBCS in connection with the collection of debts, and knew or should have known of the misrepresentations and other misconduct of CBCS.

## THE FAIR CREDIT REPORTING ACT

23. The FCRA was enacted in 1970 and became effective on April 25, 1971, and has been in force since that date. In 1996, the FCRA was amended extensively by Congress. Among other things, Congress added Section 623 of the Act, which became effective on October 1, 1997.

24. Section 621 of the FCRA, 15 U.S.C. § 1681s, authorizes the Commission to use all of its functions and powers under the FTC Act to enforce compliance with the FCRA by all persons subject thereto except to the extent that enforcement specifically is committed to some other governmental agency, irrespective of whether the person is engaged in commerce or meets any other jurisdictional tests set forth by the FTC Act.

## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

### COUNT I

25. Section 623(a) of the FCRA describes the duties of furnishers to provide accurate information to CRAs. Section 623(a)(1)(B) prohibits furnishers from providing information relating to a consumer to any CRA if (i) the person has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate; and (ii) the information is, in fact, inaccurate.

26. In numerous instances, consumers have contacted Defendant CBCS at the address specified by CBCS to dispute information about them furnished by CBCS to a CRA and to notify CBCS that the information is inaccurate.

27. In numerous instances, the same consumers have also provided information such as the consumer's driver's license, social security number, and/or proof of residence as proof that CBCS is attempting to collect a debt from the wrong person. In other instances, consumers have provided proof of payment to show that information about the debt on the consumer's credit report is inaccurate.

28. Despite having proof from the consumer to the contrary, in numerous instances, Defendant CBCS continued to furnish information to a CRA relating to a consumer when (a) CBCS was notified by the consumer at an address specified by CBCS that specific information was inaccurate and (b) the information, was in fact, inaccurate.

29. The acts and practices alleged in Paragraphs 26-28 constitute violations of Section 623(a)(1)(B) of the FCRA, 15 U.S.C. § 1681s-2(a)(1)(B). Pursuant to Section 621(a)(1) of the FCRA, 15 U.S.C. § 1681s(a)(1), the acts and practices alleged in Paragraphs 26-28 also constitute unfair or deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

**COUNT II**

30. Section 623(b)(1) of the FCRA requires furnishers of information to CRAs to conduct an investigation when the furnisher receives a notice of dispute from a CRA in accordance with the provisions of Section 611(a)(2) of the FCRA, 15 U.S.C. § 1681i(a)(2), and to report the results of the investigation to the CRA.

31. In numerous instances, Defendant CBCS does not conduct a meaningful investigation, or an investigation at all, when it receives a notice of dispute from a CRA. For example,

    a. In disputes where a consumer claims the account is not his or hers, or the account belongs to someone else, CBCS's policy and practice is to compare the name, social security number, date of birth, and address in CBCS's computer database with the information provided on each ACDV. Where three of the four items match, CBCS will report that it has verified as accurate the information reported to the CRA. Only after a consumer has disputed the information more than four times, does the account become assigned to a supervisor to do further

"investigation." Because CBCS collects accounts that are often old, information in its computer files may not be accurate for a variety of reasons, including incorrect updating of addresses, errors in recording names and information, and problems with the original creditor's records. In addition, these types of disputes often include claims of identity theft or mistaken identity, and thus, while the information in CBCS's records may match the consumer's name, social security number, date of birth, or address, it is not the consumer's account.

b. In disputes involving identity theft or fraud allegations, CBCS's policies provide that if the existing account codes and notes in CBCS's file for the consumer do not contain any reference to a prior claim of fraud, CBCS will verify the previously reported information without conducting any investigation prior to such verification.

32. The acts and practices alleged in Paragraph 31 constitute violations of Section 623(b) of the FCRA, 15 U.S.C. § 1681s-2(b). Pursuant to Section 621(a)(1) of the FCRA, 15 U.S.C. § 1681s(a)(1), the acts and practices alleged in Paragraph 31 also constitute unfair acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## COUNT III

33. Section 623(a)(3) of the FCRA provides that if the completeness or accuracy of any information furnished by any person to any CRA is disputed to such person by any consumer, the information must be noted as disputed in the information reported by such person to any CRA. This provision does not require consumer disputes to be in writing.

34. In numerous instances in which consumers have informed Defendant CBCS, over the telephone and/or in writing, that they dispute the completeness or accuracy of information furnished

by Defendant CBCS to a CRA, Defendant continued to furnish the information to CRAs without providing notice that such information is disputed by the consumer.

35. The acts and practices alleged in Paragraph 34 constitute violations of Section 623(a)(3) of the FCRA, 15 U.S.C. § 1681s-2(a)(3). Pursuant to Section 621(a)(1) of the FCRA, 15 U.S.C. § 1681s(a)(1), the acts and practices alleged in Paragraph 34 also constitute unfair or deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## FAIR DEBT COLLECTION PRACTICES ACT

36. In 1977, Congress passed the FDCPA, 15 U.S.C. §§ 1692-1692p, which became effective on March 20, 1978, and has been in force since that date. Section 814 of the FDCPA, 15 U.S.C. § 1692l, authorizes the Commission to use all of its functions and powers under the FTC Act to enforce compliance with the FDCPA by any debt collector, irrespective of whether that debt collector is engaged in commerce or meets any other jurisdictional tests set by the FTC Act. The authority of the Commission in this regard includes the power to enforce the provisions of the FDCPA in the same manner as if the violations of the FDCPA were violations of a Federal Trade Commission trade regulation rule. Finally, a violation of the FDCPA shall be deemed an unfair or deceptive act or practice in violation of the FTC Act.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## COUNT IV

37. In connection with the collection of a debt, Defendants, directly or indirectly, have used false, deceptive, or misleading representations or means, in violation of Section 807 of the FDCPA, 15 U.S.C. § 1692e, including, but not limited to, the following:

    a. In numerous instances, Defendants, directly or indirectly, have used false representations concerning the character, amount, or legal status

    of a debt, in violation of Section 807(2)(A) of the FDCPA, 15 U.S.C. § 1692e(2)(A); or

  b. In numerous instances, Defendants, directly or indirectly, have failed to communicate to the CRA to which it reported a debt that the debt is disputed, in violation of Section 807(8) of the FDCPA, 15 U.S.C. § 1692e(8).

38. The acts and practices alleged in Paragraph 37 constitute violations of Section 807 of the FDCPA, 15 U.S.C. § 1692e.  Pursuant to Section 814(a) of the FDCPA, 15 U.S.C. § 1692l(a), the acts and practices alleged in Paragraph 37 also constitute unfair or deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## VIOLATIONS OF SECTION 5 OF THE FTC ACT

39. Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), prohibits "unfair or deceptive acts or practices in or affecting commerce."   Representations of material fact that are false or misleading constitute deceptive acts or practices prohibited by the FTC Act.

## COUNT V

40. In numerous instances, through the means described in Paragraphs 11-22, in the course of collecting debts from consumers, Defendants, directly and indirectly, have represented to consumers, expressly or by implication, that the debts were valid and that consumers had an obligation to pay the debts.

41. In truth and in fact, in numerous instances the material representations set forth in Paragraph 40 were false or Defendants did not have a reasonable basis for the representations at the time the representations were made.

42. Therefore, the representations set forth in Paragraph 40 were false or misleading and constitute deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

### INJUNCTION FOR VIOLATIONS OF
### THE FTC ACT, FCRA, AND FDCPA

43. Under Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), this Court is authorized to issue a permanent injunction to ensure that: (a) Defendant CBCS will not continue to violate the FTC Act, the FCRA, and the FDCPA and (b) Defendant Ebert and Defendant Striker will not continue to violate the FTC Act and the FDCPA.

### EQUITABLE RELIEF FOR VIOLATIONS OF
### THE FCRA, FDCPA, AND FTC ACT

44. Under Sections 13(b) and 19 of the FTC Act, 15 U.S.C. §§ 53(b) and 57b, this Court is authorized to issue all equitable and ancillary relief as it may deem appropriate in the enforcement of the FCRA, the FDCPA, and the FTC Act, including the ability to order rescission or reformation of contracts, restitution, the refund of monies paid, and disgorgement to deprive a wrongdoer of ill-gotten gain.

### CIVIL PENALTIES
### FOR VIOLATIONS OF THE FCRA

45. Section 621 of the FCRA, 15 U.S.C. § 1681s, authorizes the Court to award monetary civil penalties of not more than $2,500 per violation for each violation of Sections 623(a)(3) and 623(b) of the FCRA.

46. Each instance in which Defendant CBCS has violated Sections 623(a)(3) and 623(b) of the FCRA constitutes a separate violation of the FCRA for which Plaintiff seeks monetary civil penalties under Section 621 of the FCRA, 15 U.S.C. § 1681s.

47. Defendant CBCS has engaged in knowing violations of the FCRA as described above, which constitute a pattern or practice of violations.

## CIVIL PENALTIES
## FOR VIOLATIONS OF THE FDCPA

48. Defendant CBCS has violated the FDCPA as described above, with actual knowledge or knowledge fairly implied on the basis of objective circumstances, as set forth in Section 5(m)(1)(A) of the FTC Act, 15 U.S.C. § 45(m)(1)(A).

49. Each instance within five (5) years preceding the filing of this Complaint, in which Defendant CBCS has failed to comply with the FDCPA in one or more of the ways described above, constitutes a separate violation for which Plaintiff seeks monetary civil penalties.

50. Section 5(m)(1)(A) of the FTC Act, 15 U.S.C. § 45(m)(1)(A), Section 814(a) of the FDCPA, 15 U.S.C. § 1692l, and Section 4 of the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461, as amended, authorize the Court to award monetary civil penalties of not more than $11,000 for each violation of the FDCPA.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, pursuant to 15 U.S.C. §§ 45(m)(1)(A), 53(b), 1692l, 1681s, and the Court's own equitable powers, respectfully requests that the Court:

1. Enter a permanent injunction to prevent future violations of the FTC Act, the FDCPA, and the FCRA by Defendants;

2. Award such relief as the Court finds necessary to redress injury to consumers resulting from Defendants' violations of the FTC Act, the FDCPA, and the FCRA, including but not limited to, rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten gains;

3. Award Plaintiff monetary civil penalties for each violation of the FCRA as alleged in this Complaint, except as to violations of Section 623(a)(1), 15 U.S.C. § 1681s-2(a)(1);

  4. Award Plaintiff monetary civil penalties for each violation of the FDCPA occurring within five years preceding the filing of this Complaint; and

  5. Award Plaintiff the costs of bringing this action, as well as such other and additional relief as the Court may determine to be just and proper.

| OF COUNSEL: | FOR PLAINTIFF<br>UNITED STATES OF AMERICA: |
|---|---|
| JON MILLER STEIGER<br>Regional Director<br>LARISSA L. BUNGO (Ohio 0066148)<br>Attorney<br>Federal Trade Commission<br>East Central Region<br>Eaton Center, Suite 200<br>1111 Superior Avenue<br>Cleveland, Ohio  44114<br>Phone:   216-263-3403 (Larissa Bungo)<br>Fax:       216-263-3426<br>Email:    lbungo@ftc.gov (Larissa Bungo) | TONY WEST<br>Assistant Attorney General<br>Civil Division<br>United States Department of Justice<br><br>CARTER M. STEWART<br>United States Attorney<br>Southern District of Ohio<br><br>s/ Mark T. D'Alessandro<br>MARK T. D'ALESSANDRO (0019877)<br>Assistant United States Attorney<br>Southern District of Ohio<br>303 Marconi Boulevard, Suite 200<br>Columbus, OH 43215<br>614-469-5715<br>mark.dalessandro@usdoj.gov<br><br>EUGENE M. THIROLF<br>Director<br>Office of Consumer Litigation<br><br>KENNETH L. JOST<br>Deputy Director<br>Office of Consumer Litigation<br><br>s/ John W. Burke<br>JOHN W. BURKE<br>Trial Attorney<br>Office of Consumer Litigation<br>U.S. Department of Justice<br>PO Box 386<br>Washington, D.C. 20044<br>202-353-2001<br>josh.burke@usdoj.gov |