**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | |
| Plaintiff, | Case Number: 2:10-cv-169 |
| v. | Judge Marbley |
| **CREDIT BUREAU COLLECTION SERVICES**, an Ohio corporation, also d/b/a **CBCS and CBCS NATIONAL,** | Magistrate Judge King |
| **LARRY EBERT**, individually and as an officer of the corporation, and | |
| **BRIAN STRIKER**, individually and as an officer of the corporation, | |
| Defendants. | |

## CONSENT DECREE

**WHEREAS**, Plaintiff, the United States of America, has commenced this action by filing the Complaint herein; Defendant Credit Bureau Collection Services, Inc., also doing business as CBCS and CBCS National ("CBCS"), Defendant Larry Ebert ("Ebert"), and Defendant Brian Striker ("Striker"), have waived service of the Summons and Complaint; the parties have been represented by the attorneys whose names appear hereafter; and the parties have agreed to settlement of this action upon the following terms and conditions, without adjudication of any issue of fact or law, to settle and resolve all matters in dispute arising from the Complaint to the date of entry of the Decree and without Defendants admitting any of the matters alleged in the Complaint other than jurisdictional facts;

**THEREFORE**, on the joint motion of the Plaintiff and Defendants, it is hereby **ORDERED**, **ADJUDGED** and **DECREED** as follows:

## FINDINGS

1.  This Court has jurisdiction of the subject matter and of the parties.

2.  The Complaint states a claim upon which relief may be granted against the Defendants under Sections 5(a), 5(m)(1)(A), 13(b), and 16(a) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 45(a), 45(m)(1)(A), 53(b), and 56(a); the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681x; and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p.

3.  Venue in this district is proper under 28 U.S.C. § 1391(b-c) and 1395(a) and 15 U.S.C. § 53(b).

4.  The activities of the Defendants are in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

5.  For purposes of this Consent Decree ("Decree"), the definitions set forth in the FCRA, 15 U.S.C. § 1681a, and the FDCPA, 15 U.S.C. § 1692a, shall apply.

6.  Defendants have entered into this Decree freely and without coercion. Defendants further acknowledge that they have read the provisions of this Decree and are prepared to abide by them.

7.  Plaintiff and Defendants, by and through their counsel, have agreed that the entry of this Decree resolves all matters of dispute between them arising from the Complaint in this action, up to the date of entry of this Decree.

8.  By entering into this Decree, Defendants do not admit to the allegations set forth in the Complaint.

9.   All parties waive all rights to seek appellate review or otherwise challenge or contest the validity of this Decree.  Defendants further waive and release any claim they may have against the FTC, its employees, representatives, or agents.

10.   Defendants agree that this Decree does not entitle them to seek or obtain attorneys' fees as a prevailing party under the Equal Access to Justice Act, 28 U.S.C. § 2412, as amended by Pub. L. 104-121, 100 Stat. 847, 863-64 (1996), and further waive any right to attorneys' fees that may arise under said provision of law.

11.   This action and the relief awarded herein are in addition to, and not in lieu of, other remedies as may be provided by law, including both civil and criminal remedies.

12.   Entry of this Decree is in the public interest.

### DEFINITIONS

For purposes of this Decree, the following definitions shall apply:

1.   **"Commission"** or **"FTC"** means the Federal Trade Commission.

2.   **"Corporate Defendant"** means Credit Bureau Collection Services, Inc., also doing business as CBCS and CBCS National ("CBCS"), and their successors and assigns.

3.   **"Defendants"** means all of the Individual Defendants and the Corporate Defendant, individually, collectively, or in any combination.

4.   **"Individual Defendants"** means Larry Ebert ("Ebert") and Brian Striker ("Striker").

5.   **"Plaintiff"** means the United States of America.

6.   **"Debt Collection"** means any activity the principal purpose of which is to collect, or attempt to collect, directly or indirectly, debts owed, or asserted to be owed, or due, regardless of whether collection of the debt is governed by the FDCPA.

## ORDER

### I.   CIVIL PENALTY

A.      Defendant CBCS shall pay to the Plaintiff, pursuant to Section 621(a) of the FCRA, 15 U.S.C. § 1681s(a), and Section 5(m)(1)(A) of the FTC Act, 15 U.S.C. § 45(m)(1)(A), a civil penalty in the amount of one million, ninety-five thousand dollars ($1,095,000).

B.      Defendant CBCS shall make the payment required by this Paragraph on or before the tenth day following entry of this Decree. Such payment shall be made by electronic fund transfer in accordance with procedures specified by the Office of Consumer Litigation, Civil Division, United States Department of Justice, Washington, D.C. 20530.

C.      In the event of default in payment, which default continues for ten (10) days beyond the due date of payment, the entire unpaid amount, together with interest, as computed pursuant to 28 U.S.C. § 1961 from the date of default to the date of payment, shall immediately become due and payable.

D.      This judgment represents a civil penalty owed to the United States Government and is not compensation for actual pecuniary loss. Defendants agree that the facts as alleged in the Complaint filed in this action shall be taken as true, without further proof, in any subsequent litigation filed by or on behalf of the Commission to collect any unpaid amount or otherwise enforce its rights pursuant to this Decree, including a nondischargeability complaint filed in any bankruptcy case.

E.      Proceedings initiated under this Paragraph are in addition to, and not in lieu of, any other civil or criminal penalties that may be provided by law, including any other proceedings the Plaintiff may initiate to enforce this Decree.

## II.    INJUNCTION AGAINST VIOLATIONS OF THE FTC ACT

Defendants CBCS, Ebert, and Striker, and each of their officers, agents, servants, employees, and all persons or entities in active concert or participation with any of them who receive actual notice of this Decree by personal service or otherwise, whether acting directly or through any entity, corporation, subsidiary, division, affiliate or other device, in connection with collecting or attempting to collect debts, are hereby permanently restrained and enjoined from taking the following actions:

A.    Making any material misrepresentation, expressly or by implication, to collect or to attempt to collect a debt or obtain information concerning a consumer; and

B.    Making any material representation, expressly or by implication, that a consumer owes a debt or as to the amount of a debt, unless, at the time of making the representation, Defendants have a reasonable basis for making such representation. Provided that, in those instances in which Defendants (a) are required by Section III. A. of this Decree to conduct an investigation, (b) have done so, and (c) have reasonably concluded that the information on which Defendants rely to collect or attempt to collect the debt is accurate and complete, the conclusions of the investigation shall constitute a reasonable basis.

**Provided** that in making representations concerning a debt, Defendants can reasonably rely on the representations by their clients concerning the accuracy and completeness of the debts in the absence of a reasonable indication that such representations are unreliable. A "reasonable indication" shall take into account the reliability and source of the information, but shall not require any of the Part III investigational procedures outlined below, other than taking into account the reliability and source of the information.

### III.   DUTY TO CONDUCT A REASONABLE INVESTIGATION

A.   After the effective date of this Decree, in each and every instance in which:

1.   a consumer, at any time, questions, disputes, or challenges the accuracy or completeness of the information on which Defendants are relying to make any representation that the consumer owes a debt or as to the amount of a debt; or

2.   a person acting reasonably would question, dispute, or challenge the material accuracy or completeness of the information on which Defendants are relying to make any representation that a consumer owes a debt or as to the amount of a debt;

Defendants shall either close the account and permanently terminate collection efforts or conduct a reasonable investigation into the accuracy or completeness of such information. If such disputes are raised during a telephone call with the consumer, Defendants may reasonably provide responsive information or pose reasonable questions to the consumer, in a manner that complies with applicable law, in an effort to resolve any such disputes raised by the consumer. If the consumer continues to question, dispute, or challenge the debt, Defendants shall make no further attempt to collect the debt or report it to a consumer reporting agency (CRA) until they have completed an investigation and have reasonably concluded that the information is accurate and complete. *Provided* that, if as a result of their decision to permanently terminate collection efforts or if following a reasonable investigation, Defendants cannot substantiate that the consumer owes the debt, Defendants cannot sell the debt or provide it to any other corporate entity other than the client from which it obtained the debt.

*Provided further* that nothing in  Sections II and III shall require Defendants to conduct an investigation into the accuracy or completeness of the information on which Defendants are relying if Defendants determine that the consumer's question, dispute, or challenge is frivolous or irrelevant, or to the extent no new material evidence or information has been provided, has already been the subject of a reasonable investigation.   Notwithstanding any other provision in this Decree, the Decree shall not restrict or prohibit Defendants from complying with any federal or state law requirements, so long as such state law requirements are not inconsistent with federal law.

*Provided further* that if a consumer initiates contact with Defendants by any means, Defendants may respond to the consumer prior to the completion of the investigation.

B.      For purposes of this Decree, a "reasonable investigation" shall mean an investigation in which Defendants objectively evaluate and weigh the relevant information and circumstances, including but not limited to:

> 1.    the reliability of the information on which Defendants rely in collecting or attempting to collect the debt, including the credibility of the source of that information;
>
> 2.    the accuracy and completeness of any information received directly from their client, taking into account the reliability and source of the information;
>
> 3.    the accuracy and completeness of any information Defendants have obtained or may obtain from third party sources, including data aggregators, brokers or CRAs;
>
> 4.    the strength and credibility of any information provided by the consumer questioning, disputing, or challenging the accuracy or

completeness of such information or otherwise obtained by Defendants and the responsiveness of the consumer to reasonable requests for information;

5.       with respect to information obtained from the consumer, the methods used by Defendants to collect the information. These methods used by Defendants to obtain information shall be in compliance with applicable laws; and

6.       any other reliable information that contradicts or calls into question the accuracy or completeness of such information.

C.       Subsections A and B of this Section do not affect the Defendants' obligations to comply with all applicable provisions of the FDCPA or FCRA. A "dispute" under this Section does not necessarily constitute a "dispute" for FDCPA or FCRA purposes.

D.       Compliance with this Section III is effective November 13, 2009. Commission staff has authority to make reasonable requests for updates on Defendants' progress toward setting up mechanisms to comply with provisions of this Section prior to November 13, 2009.

## IV.   INJUNCTION AGAINST FCRA VIOLATIONS

Defendant CBCS, and its officers, agents, servants, employees and all persons or entities in active concert or participation with any of them, who receive actual notice of this Decree by personal service or otherwise, whether acting directly or through any business entity, corporation, subsidiary, division, affiliate, or other device, are hereby permanently restrained and enjoined from taking the following actions:

A.       Furnishing information to any consumer reporting agency ("CRA") relating to any consumer when the consumer has notified them at the address specified by them of the inaccurate

information and the information is, in fact, inaccurate, as prohibited by Section 623(a)(1)(B) of the FCRA, 15 U.S.C. § 1681s-2(a)(1)(B);

B.      Failing to investigate consumer disputes, as required by Section 623(b) of the FCRA, 15 U.S.C. § 1681s-2(b), when CRAs refer disputes to them pursuant to Section 611(a)(2), 15 U.S.C. § 1681i(a)(2);

C.      Reporting information to any CRA without reporting the information as "disputed," as required by Section 623(a)(3) of the FCRA, 15 U.S.C. § 1681s-2(a)(3), when consumers dispute to Defendants the completeness or accuracy of any information furnished to a CRA;

D.      Re-reporting any information to a CRA that it reported prior to December 1, 2008; and

E.      Failing to comply in any other respect with the FCRA, see Exhibit A attached, and as hereafter amended.

## V.    INJUNCTION AGAINST FDCPA VIOLATIONS

Defendants CBCS, Ebert, and Striker, and each of their officers, agents, servants, employees and all persons or entities in active concert or participation with any of them who receive actual notice of this Decree by personal service or otherwise, whether acting directly or through any business entity, corporation, subsidiary, division, affiliate, or other device, in connection with acting as a "debt collector" in the collection of a "debt" from a "consumer" as those terms are defined in Section 803(6), (5), and (3) of the FDCPA, 15 U.S.C. § 1692a(6), (5), and (3), are hereby permanently restrained and enjoined from taking the following actions:

A.      Using false, deceptive, or misleading representations or means in connection with the collection of any debt, in violation of Section 807 of the FDCPA, 15 U.S.C. § 1692e, including, but not limited to, the following:

      1.     Using false representations concerning the character, amount, or legal status of any debt, in violation of Section 807(2)(A) of the FDCPA, 15 U.S.C. § 1692e(2)(A); or

      2.     In connection with a debt reported by them to any CRA, failing to promptly communicate to such CRA that such debt has been disputed, if and when such debt is disputed, either orally or in writing, by a consumer to them, in violation of Section 807(8) of the FDCPA, 15 U.S.C. § 1692e(8); and

   B.     Failing to comply in any other respect with the FDCPA, see Exhibit B attached, and as hereafter amended.

## VI.   NOTICE REQUIREMENTS

   A.     For a period of five (5) years from the date of entry of this Decree, Defendants and each of their officers, agents, servants, employees and all persons or entities in active concert or participation with any of them who receive actual notice of this Decree by personal service or otherwise, whether acting directly or through any business, entity, corporation, subsidiary, division, affiliate, or other device, in connection with acting as a "debt collector" in the collection of a "debt" from a "consumer," as those terms are defined in Section 803(6), (5), and (3), respectively, of the FDCPA, 15 U.S.C. § 1692a(6), (5), and (3), shall make the following disclosure clearly and conspicuously on each written collection communication that is sent to a consumer for the purpose of collecting a debt:

> Federal law prohibits certain methods of debt collection, and requires that we treat you fairly. You can stop us from contacting you by writing a letter to us that tells us to stop the contact. Sending such a letter does not make the debt go away if you owe it. Once we receive your letter, we may not contact you again, except to let you know that there won't be any more contact or that we intend to take a specific action.

> If you have a complaint about the way we are collecting this debt,
> please write to us at [current physical address], email us at [current
> email address], or call us toll-free at [current phone number] between
> 9:00 A.M. and 5:00 P.M. Eastern Standard Time, Monday - Friday.
>
> The Federal Trade Commission enforces the Fair Debt Collection
> Practices Act (FDCPA). If you have a complaint about the way we are
> collecting your debt, please contact the FTC online at www.ftc.gov; by
> phone at 1-877-FTC-HELP; or by mail at 600 Pennsylvania Ave., N.W.,
> Washington, D.C. 20580.

The above disclosure shall be given in the languages which appear in such communications sent to consumers.

B. Defendants, and each of their officers, agents, servants and employees and all persons or entities in active concert or participation with any of them who receive actual notice of this Decree by personal service or otherwise, whether acting directly or through any business entity, corporation, subsidiary, division, affiliate, or other device, in connection with acting as a "debt collector" in the collection of a "debt" from a "consumer," as those terms are defined in Section 803(6), (5), and (3), respectively, of the FDCPA, 15 U.S.C. § 1692a(6), (5), and (3), shall provide a copy of the following notice to all officers, servants, agents, and employees having responsibility with respect to the collection of consumer debts, within thirty (30) days of the date of entry of this Decree, and to each officer, servant, agent, and employee hired for a period of five (5) years after that date, no later than the time the officer, servant, agent, and employee assumes responsibility with respect to the collection of such debts, and shall secure from each such person, within thirty (30) days of delivery, a signed and dated statement acknowledging receipt of a copy of the notice:

> Debt collectors must comply with the federal Fair Debt Collection
> Practices Act, which limits our activities in trying to collect money from
> consumers.

In particular, Section 805 of the Act says that you may not contact a consumer at work if you know or should know it is inconvenient for the consumer, and that you may not communicate with any person other than the consumer in connection with the collection of a debt, for any purpose other than to obtain location information about the consumer.

In addition, Section 806 of that Act states that you may not engage in any conduct the natural consequences of which is to harass, oppress or abuse any person in connection with the collection of a debt, including, but not limited to, using language the natural consequence of which is to abuse the hearer or reader.

Furthermore, Section 807 of that Act prohibits the use of any false, deceptive or misleading representation or means in connection with the collection of any debt, including, but not limited to, communicating or threatening to communicate to a consumer reporting agency information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

**Individual debt collectors may be financially liable for their violations of the Act.**

## VII. DISTRIBUTION OF CONSENT DECREE, NOTICE TO FURNISHERS OF INFORMATION: OBLIGATIONS OF FURNISHERS UNDER THE FCRA, AND THE FDCPA BY DEFENDANTS

For a period of three (3) years from the date of entry of this Decree,

A. **CBCS:** Corporate Defendant shall provide copies of this Decree, Notice to Furnishers of Information: Obligations of Furnishers Under the FCRA, 16 C.F.R. Part 698, Appendix G, and the FDCPA to all of its principals, officers, directors, and managers. Defendant CBCS must also deliver copies of this Decree, Notice to Furnishers of Information: Obligations of Furnishers Under the FCRA, 16 C.F.R. Part 698, Appendix G, and the FDCPA to all of its employees, agents and representatives who engage in conduct related to the subject matter of this Decree. For current personnel, delivery shall be within five (5) days of service of this Decree upon Defendant. For new personnel, delivery shall occur prior to their assuming their responsibilities.

B.     **Individual Defendant as control person**: For any business which involves Debt Collection that an Individual Defendant controls, directly or indirectly, or in which the Defendant has a majority ownership interest, the Defendant must deliver a copy of this Decree to (1) all principals, officers, directors, and managers of that business; and (2) all employees, agents, and representatives of that business who engage in conduct related to the subject matter of the Decree. For current personnel, delivery shall be within five (5) days of service of this Decree upon such Defendant. For new personnel, delivery shall occur prior to their assuming responsibilities.

C.     **Individual Defendant as employee or non-control person**: For any business where an Individual Defendant is not a controlling person of that business but otherwise engages in Debt Collection, the Defendant must deliver a copy of this Decree to all principals and managers of such business before engaging in such conduct.

D.     Defendants must secure a signed and dated statement acknowledging receipt of this Decree, Notice to Furnishers of Information: Obligations of Furnishers Under the FCRA, 16 C.F.R. Part 698, Appendix G, and the FDCPA, within thirty (30) days of delivery, from all persons receiving copies of such documents, pursuant to this Paragraph.

## VIII. RECORD KEEPING PROVISIONS

For a period of six (6) years from the date of entry of this Decree, Defendants, in connection with any business where (1) such Defendant is the majority owner or otherwise controls, directly or indirectly, the business and (2) the business is engaged in or assists others in the conduct related to the subject matter of this Decree, and their agents, employees, officers, corporations, successors, and assigns, and those persons in active concert or participation with them who receive actual notice of this Decree by personal service or otherwise, are hereby restrained and enjoined from failing to create and retain the following records:

A.     Accounting records that reflect the revenues generated in connection with the collection of debts, and the disbursement of such revenues;

B.     Personnel records accurately reflecting: the name, address, and telephone number of each person employed in any capacity in connection with the collection of debts, including as an independent contractor; that person's job title or position; the date upon which the person commenced work; and the date and reason for that person's termination, if applicable;

C.     Customer files containing the names, addresses, phone numbers, dollar amounts or debt owed, records of collection activity, and amounts collected;

D.     For every consumer complaint, whether received directly, indirectly, or through a third party, records that include:

> 1.     Any complaint and the date received, and the nature of the complaint as reflected in any notes, logs, or memoranda, including a description of the conduct alleged; and
>
> 2.     The basis of the complaint, including the names of any debt collectors or supervisors complained about; the nature of any investigation conducted concerning the validity of any complaint; all documents relating to the disposition of the complaint, including records of all contacts with the consumer, the response to the complaint and the response date, whether the complaint was actually resolved, and the date of resolution; and any action taken to correct the alleged conduct that violates the FCRA, the FDCPA, or the FTC Act;

E.     Copies of all scripts, training materials, advertisements, or other promotional or marketing materials; and

F.     All records and documents necessary to demonstrate full compliance with each

provision of this Decree, including, but not limited to, copies of acknowledgments of receipt of

notices given to employees, required by Paragraph VI.B, copies of acknowledgments of receipt of

this Decree, Notice to Furnishers of Information: Obligations of Furnishers Under the FCRA,

16 C.F.R. Part 698, Appendix G, and the FDCPA, required by Paragraph VII.D, and all reports

submitted to the FTC pursuant to Paragraph IX.

## IX.   COMPLIANCE REPORTING BY DEFENDANTS

In order that compliance with the provisions of this Decree be monitored:

A.     For a period of three (3) years from the date of entry of this Decree,

1.     The Individual Defendants shall notify the Commission of the
following:

a.     Any changes in residence, mailing address, and telephone
numbers of such Defendant within ten (10) days of the date of
such change;

b.     Any changes in employment status (including self-
employment), and any change in such Defendant's ownership
of any business entity, within ten (10) days of the date of such
change. Such notice shall include the name and address of
each business that such Defendant is affiliated with, employed
by, creates or forms, or performs services for; a statement of
the nature of the business; and a statement of his duties and
responsibilities in connection with the business or
employment; and

c.       Any change in such Defendant's name or use of any aliases or fictitious names; and

2.       Defendants shall notify the Commission of any changes in the corporate structure of Corporate Defendant CBCS, or any business entity that any Individual Defendant directly or indirectly controls, or has an ownership interest in, that may affect compliance obligations arising under the Decree, including but not limited to a dissolution, assignment, sale, merger or other action that would result in the emergence of a successor entity; the creation or dissolution of a subsidiary, parent or affiliate that engages in any acts or practices subject to this Decree; the filing of any bankruptcy petition; or a change in the corporate name or address, at least thirty (30) days prior to such change; *provided* that, with respect to any proposed change in the corporation about which a Defendant learns less than thirty (30) days prior to the date such action is to take place, such Defendant shall notify the Commission as soon as practicable after obtaining such knowledge.

B.       Within one hundred eighty (180) days of the date of entry of this Decree, and once each year thereafter for three (3) years, on the anniversary of that date, Defendants each shall provide a written report to the FTC, sworn to under penalty of perjury, setting forth in detail the manner and form in which they have complied and are complying with this Decree. This report shall include, but not be limited to:

1.    For Individual Defendants:

    a.    The then-current residence address, mailing address, and telephone number of such Defendant;

    b.    The then-current employment and business address and telephone numbers of such Defendant, a description of the business activities of each such employer or business, and the title and responsibilities for each such Defendant for each such employer or business; and

    c.    Any other changes required to be reported pursuant to subsection A above.

2.    For all Defendants:

    a.    A copy of each acknowledgment of receipt of employee notice obtained pursuant to Paragraph VI.B of this Decree;

    b.    A copy of each acknowledgment of receipt of this Decree, Notice to Furnishers of Information: Obligations of Furnishers Under the FCRA, 16 C.F.R. Part 698, Appendix G, and FDCPA obtained pursuant to Paragraph VII.D of this Decree; and

    c.    Any other changes required to be reported pursuant to subsection A above.

C.    For purposes of this Decree, Defendants shall, unless otherwise directed by the Commission's authorized representatives, mail all written notifications to:

ASSOCIATE DIRECTOR
DIVISION OF ENFORCEMENT
BUREAU OF CONSUMER PROTECTION
FEDERAL TRADE COMMISSION
600 PENNSYLVANIA AVENUE, N.W.
WASHINGTON, D.C. 20580

Re: *United States of America v. Credit Bureau Collection Services, Inc.*,
Civil Action No. _____

D.       For purposes of the compliance reporting and monitoring required by this Decree,
Plaintiff is authorized to communicate directly with Defendants provided a copy of any written
communication shall be sent to then-current counsel of record.

## X.    COMPLIANCE MONITORING

For the purpose of monitoring and investigating compliance with any provision of this Decree:

A.       Within ten (10) days of receipt of written notice from a representative of the
Commission, Defendants shall each submit additional written reports, sworn to under penalty of
perjury; produce documents for inspection and copying; appear for deposition; and/or provide entry
during normal business hours to any business location in such Defendant's possession or direct or
indirect control to inspect the business operation;

B.       In addition, the Commission is authorized to monitor compliance with this Decree by
all other lawful means, including but not limited to the following:

> 1.       Obtaining discovery from any person without further leave of court,
> using the procedures described by Fed. R. Civ. P. 30, 31, 33, 34, 36,
> and 45; and

> 2.       Posing as consumers and suppliers to: Defendants, Defendants'
> employees, or any other entity managed or controlled in whole or in

part by any Defendant, without the necessity of identification or prior notice.

C.　　Defendants shall permit representatives of the Commission to interview any employer, consultant, independent contractor, representative, agent or employee who has agreed to such an interview, relating in any way to any conduct subject to this Decree. The person interviewed may have counsel present.

***Provided, however***, that nothing in this Decree shall limit the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1, to obtain any documentary material, tangible things, testimony or information relevant to unfair or deceptive acts or practices in or affecting commerce (within the meaning of 15 U.S.C. § 45(a)(1)).

## XI.　ACKNOWLEDGMENT OF RECEIPT OF CONSENT DECREE

Within five (5) business days of receipt of this Decree as entered by the Court, each Defendant shall submit to the Commission a truthful sworn statement acknowledging receipt of this Decree.

## XII.　RETENTION OF JURISDICTION

This Court shall retain jurisdiction of this matter for the purposes of construction, modification, and enforcement of this Decree.

**JUDGMENT IS THEREFORE ENTERED** in favor of Plaintiff and against Defendants, pursuant to all the terms and conditions recited above.

DATED: _31. March 2010_　　　_____

UNITED STATES DISTRICT JUDGE

**THE PARTIES**, by their respective counsel, hereby consent to the terms and conditions of

the Consent Decree as set forth above and consent to the entry thereof.

**FOR PLAINTIFF**
**UNITED STATES OF AMERICA:**

TONY WEST
Assistant Attorney General
Civil Division
United States Department of Justice

CARTER M. STEWART
United States Attorney
Southern District of Ohio

s/ Mark T. D'Alessandro
MARK T. D'ALESSANDRO (0019877)
Assistant United States Attorney
Southern District of Ohio
303 Marconi Boulevard, Suite 200
Columbus, OH 43215
614-469-5715
mark.dalessandro@usdoj.gov

EUGENE M. THIROLF
Director
Office of Consumer Litigation

KENNETH L. JOST
Deputy Director
Office of Consumer Litigation

s/ John W. Burke
JOHN W. BURKE
Trial Attorney
Office of Consumer Litigation
U.S. Department of Justice
PO Box 386
Washington, D.C. 20044
202-353-2001
josh.burke@usdoj.gov

FOR THE UNITED STATES
FEDERAL TRADE COMMISSION:

**FOR THE UNITED STATES**
**FEDERAL TRADE COMMISSION:**

**JON MILLER STEIGER**
Acting Director
East Central Region

**LARISSA L. BUNGO** (Ohio 0066148)
Attorney
East Central Region
Federal Trade Commission
Eaton Center, Suite 200
1111 Superior Avenue
Cleveland, Ohio 44114
Phone 216-263-3403 / Fax 216-263-3426
Email: lbungo@ftc.gov

**Dated:** _10/24/09_

**FOR DEFENDANTS**
**CREDIT BUREAU COLLECTION SERVICES,**
**INC.,** an Ohio corporation, also d/b/a
**CBCS and CBCS NATIONAL**

**By:**
Larry Ebert, President

**Dated:** _9- 4- 09_

**LARRY EBERT,**
individually and as an officer
of the defendant corporation.

**LARRY EBERT**

**Dated:** _9/ 4/ 09_

**BRIAN STRIKER,**
individually and as an officer
of the defendant corporation.

**BRIAN STRIKER**

**Dated:** _9-4-09_

**COUNSEL FOR DEFENDANTS**

**DAVID MEDINE**
Wilmer, Cutler, Pickering, Hale and Dorr,
LLP
1875 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
Phone 202-663-6220 / Fax 202-663-6363
david.medine@wilmerhale.com

**Dated:** _9 - 8 - 09_